**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KATHLEEN L. ZIEGLER,** | : | **CIVIL ACTION NO. 1:04-CV-0788** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **STEELTON-HIGHSPIRE SCHOOL SYSTEM,** | : | |
| **Defendant** | : | |

## MEMORANDUM

Presently before the court is a motion of defendant, Steelton-Highspire School System ("Steelton-Highspire"), for summary judgment in its favor on the claims of plaintiff, Kathleen L. Ziegler ("Ziegler"), of gender and age discrimination and retaliation. Ziegler had been employed as a teacher at Steelton-Highspire for over thirty-five years when she applied for a position as assistant principal; she was passed over for the job in favor of a male teacher twenty-five years her junior with less experience. She filed a complaint with the Pennsylvania Human Relations Commission alleging discriminatory hiring practices; soon thereafter, school officials issued a formal evaluation rating her performance as "unsatisfactory." Ziegler contends that these actions reflect discriminatory motives.

The record is adequate, if just barely, to support these claims.[1] It is conceded that Ziegler has established a prima facie case of gender and age discrimination: she is a woman over forty years of age who was denied an employment position for which she was qualified in favor of a younger male.[2] See, e.g., Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797-98 (3d Cir. 2003) (outlining age discrimination claim); Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-319 (3d Cir. 2000) (outlining gender discrimination claim).[3] Steelton-Highspire has offered several legitimate non-discriminatory reasons for its decision—including Ziegler's lack of computer proficiency and interpersonal skills—but at least "some" evidence in the record casts doubt on these justifications. See Fuentes v. Perskie, 32 F.3d 759, 764-65 (3d Cir. 1994). The other two candidates for the position had significantly less experience than Ziegler and, unlike her, were not certified by the state department of education to assume the position of assistant principal. Yet, Ziegler was denied the position without even an interview. (Doc. 32 ¶ 14; Doc. 35, Exs. 9-11; Doc. 50 ¶ 14). That district officials did not offer her the opportunity to speak with them about the job, and possibly to

---

[1] The court is, of course, required to consider the evidence in the light most favorable to plaintiff. See, e.g., Robinson v. Pa. State Corr. Officers Ass'n, 363 F. Supp. 2d 751, 754-55 (M.D. Pa. 2005). That the following discussion necessarily minimizes the substantial evidence presented by Steelton-Highspire in support of its position should not be interpreted as suggesting that Ziegler will or should succeed in her claims. See, e.g., St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993).

[2] (See Doc. 34 at 11-13).

[3] See also 29 U.S.C. § 623(a); 42 U.S.C. § 2000e-2(a); 43 PA. CONS. STAT. § 955(a).

address their concerns, arguably suggests improper motive.  See, e.g., Fuentes, 32 F.3d at 764-65.

Perhaps more probative of discriminatory intent is the fact that the primary reason cited by the school district for the decision to reject Ziegler, her purported lack of computer proficiency, is not listed in the district job posting as a qualification for an assistant principal.  Nor is it an inherently obvious requirement for the position, which involves primarily the handling of student disciplinary issues.  Indeed, the other applicants for the job were not even asked about their computer skills during the interview process.  (Doc. 32 ¶ 38; Doc. 35, Ex. 4, Ex. 8 at 84-85, Exs. 9-11, Ex. 18 at 28-32; Doc. 49, Ex. 17; Doc. 50 ¶ 38).  This suggests, arguably, that computer proficiency is less a "qualification" for the position than it is a "justification," after the fact, for the district's decision.  See, e.g., Fuentes, 32 F.3d 759, 764-65.

If the jury discredits this reason, it could also plausibly discount the others offered by the district, relating to Ziegler's purported lack of interpersonal and professional skills.  Although these concerns appear legitimate, they were not raised by Steelton-Highspire during proceedings before the Pennsylvania Human Relations Commission in support of its decision to deny Ziegler's application.  (Doc. 56, Ex. C).  A jury could conclude from this apparent inconsistency that the cited concerns are merely *post hoc* rationalizations for the district's actions.  See, e.g., Fuentes, 32 F.3d 759, 764-65.  The rejection of these proffered reasons, combined with the significant disparities in experience between Ziegler and the individual

3

actually hired for the position, could arguably support an inference of discrimination based on either age or gender.[4]  See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993).  These claims must be left for the jury.[5]

The retaliation claim must also be allowed to proceed.  Steelton-Highspire admits that Ziegler engaged in a protected activity when she filed a complaint with the Pennsylvania Human Relations Commission in April 2003 and that she suffered an adverse employment action in the form of an "unsatisfactory" performance evaluation in June 2003.[6]  See, e.g., Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001) (outlining retaliation claim).  The circumstances surrounding the evaluation arguably suggest a causal, retaliatory link between these events.  See id.  The evaluation was uniquely negative in relation to Ziegler's past ratings, which were generally positive, and the ratings of other teachers in the district.  It was issued shortly after district officials had been notified, through formal service and

---

[4] See supra note 1.

[5] Although strictly irrelevant to this discussion, the court will take this opportunity to disabuse counsel for plaintiff of the notion that "self-serving" affidavits and materials not clearly admissible at trial must be excluded from the summary judgment record.  "Nothing in the Federal Rules of Civil Procedure excludes 'self-serving' evidence; indeed, the adversarial system of adjudication is premised upon the recognition that no party will be disinterested in the result." Boyds Collection, Ltd. v. Bearington Collection, Inc., 360 F. Supp. 2d 655, 658 n.5 (M.D. Pa. 2005).  And, in summary judgment proceedings, the burden is not on the proponent of evidence to demonstrate its admissibility, but is on the opponent to demonstrate its *in*admissibility.  See, e.g., Petruzzi's IGA Supermarkets, Inc. v. Darling-Del. Co., 998 F.2d 1224, 1234 n.9 (3d Cir. 1993).  Only if evidence is shown to be clearly inadmissible at trial should the court exclude it from the record on summary judgment.  See id.  Plaintiff has not made this showing.

[6] (See Doc. 34 at 30).

newspaper articles, of Ziegler's complaint with the Pennsylvania Human Relations Commission.  And the evaluation itself contains certain flaws, including the absence of signature by the school superintendent, that may be viewed as reflecting the desire of district officials to distance themselves from the document. (Doc. 35, Exs. 8, 16, 52; Doc. 49, Exs. 1, 23, 26, 30, 32).  These facts, when considered with the evidence of discrimination discussed above, may plausibly support a finding of retaliation.[7]  See, e.g., Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997).

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        August 3, 2005

---

[7] See supra note 1.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATHLEEN L. ZIEGLER,** | : | **CIVIL ACTION NO. 1:04-CV-0788** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **STEELTON-HIGHSPIRE SCHOOL SYSTEM,** | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 3rd day of August, 2004, upon consideration of defendant's motion for summary judgment (Doc. 33), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 33) is DENIED.

                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge